UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN D. HATCHETT,               )
                                   )
            Petitioner,            )
                                   )   CAUSE NO. 3:16-CV-122 WL
        vs.                        )
                                   )
SUPERINTENDENT,                    )
                                   )
            Respondent.            )

OPINION AND ORDER

Stephen D. Hatchett, a *pro se* prisoner, filed an amended habeas corpus petition challenging ISF-15-04-0159, a prison disciplinary proceeding held at the Putnamville Correctional Facility on April 14, 2015, where a disciplinary hearing officer found him guilty of setting an unauthorized fire in violation of B-222. The sanctions imposed included a 90 day loss of earned credit time.

This charge was initiated when Correctional Officer Cassidy wrote a conduct report:

> I C/O Cassidy ISG was working Dorm 16 south on C-side on 4/4/15 at approx. 12:03 pm I did observe offender Hatchett, Stephen 178930 use the microwave to light toilet paper on fire[.] He was identified by state Id. and the dorms bed board. He was notified of CAB.

(DE 11-1.)

The screening report reflects that he was notified of the offense on April 9, 2015, and requested witness statements from Robert Bland and Corey King and requested the video as evidence. (DE 11-2.) The screening officer noted that there was no Corey King in the facility, so that part of his request was denied. Robert Bland submitted a written statement:

> I Robert Bland on the day in question was working on a radio and needed to bear wires we use the microwave to do so I myself did not do it on this day but I'm not one to tell on someone else for doing something but I did observe it was not Mr.

-1-

Hatchett but that person would not own up to it and I didn't think it was right for him to get in trouble for something he did not do so that['s] why I came forward. Thank you.

(DE 11-3.)

The requested video was reviewed and summarized:

On 4/4/15 at approx 1203 hours Offender Stephen Hatchett #178930 is at the microwave along with another Offender. The C/O comes out of his desk area and looks over at the microwave where both offenders are. Offender Hatchett then grabs an item out of the microwave at that time.

(DE 11-4.)

A disciplinary hearing was conducted, where Hatchett provided the following statement: "Another Guy wrote a witness statement. The razor fix[e]s radio's [sic]. I went up there and used the microwave. I didn't know the razors were in there. I heard the popping sound and took them out real quick." (DE 11-6.) After considering the conduct report, Hatchett's statement, evidence from the witness and the video, the hearing officer found Hatchett guilty of violating B-222. (Id.) Hatchett's appeals to the facility head and the final reviewing authority were denied. (DE 11-7.)

Here, Hatchett brings one ground in his habeas petition: he claims that the evidence was insufficient to find him guilty of this offense. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on

the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994). Additionally, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

In this case, it is clear that the record in contains at least "some evidence" to support the hearing officer's determination that Hatchett was guilty. Officer Cassidy personally observed Hatchett use the microwave to light toilet paper on fire, which was detailed in the conduct report. Thus, the conduct report is some evidence that Hatchett set an unauthorized fire. *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report alone provided some evidence to support disciplinary determination). But, that is not the only evidence in this case. There is a summary of video evidence, which is consistent with Officer Cassidy's observation. The summary of the video reveals that Hatchett is standing at the microwave with another offender, repeatedly looks in Officer Cassidy's direction before quickly removing an object out of the microwave and walks away when Officer Cassidy looks that direction. Bland's statement does not negate that evidence. Although Hatchett denies being involved in placing the item in the microwave that caught fire, it is not the province of this court to re-weigh evidence. Because there is some evidence to support the hearing officer's determination, there is no basis for granting habeas relief on this ground.

For the reasons set forth above, the court **DENIES** the petition and this case is **DISMISSED**.

SO ORDERED.

ENTERED: March 24, 2017

                                                                           s/William C. Lee
                                                                          William C. Lee, Judge
                                                                          United States District Court